[No. C022877. Third Dist. Aug. 1, 1996.]

In re EBONY W., a Person Coming Under the Juvenile Court Law.
SAN JOAQUIN HUMAN SERVICES AGENCY, Plaintiff and
Respondent, v.
VALERIE W., Defendant and Appellant.

**COUNSEL**

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Terrence R. Dermody, County Counsel, David Wooten, Chief Deputy County Counsel, and Carol Dahle Stiles, Deputy County Counsel, for Defendant and Appellant.

OPINION

**SPARKS, Acting P. J.**—In this appeal we consider whether the juvenile court must appoint counsel for an indigent parent even when the parent chooses to be absent from the proceedings and has made no request for counsel. We shall conclude that, under section 317 of the Welfare and Institutions Code (further unspecified statutory references are to this code), the court is under no such obligation. Accordingly, we shall affirm the order terminating the parental rights of appellant Valerie W., the mother of Ebony, the minor.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 1995, respondent San Joaquin Human Services Agency (HSA) filed a section 300 petition on behalf of the two-week-old minor. The petition listed a Stockton address for appellant and alleged the minor's father's address was unknown. According to the petition, at the minor's birth both the minor and appellant tested positive for cocaine. The petition also alleged appellant's drug use impaired her ability to care for the minor.

Appellant did not appear at the detention hearing. The juvenile court found HSA made reasonable efforts to locate appellant. According to a social worker's report, the whereabouts of appellant were unknown.

HSA mailed notice of the jurisdictional hearing to appellant, using the address listed on the petition. The notice advised appellant that if she could not afford an attorney and desired representation, she was required to notify the clerk of the juvenile court. Appellant failed to appear at the May 3, 1995, jurisdictional hearing, following which the court sustained the petition.

Appellant did not appear at the May 30, 1995, dispositional hearing, following which the juvenile court adjudged the minor a dependent child. The juvenile court found HSA had provided appellant with notice of that hearing.[1] Thereafter HSA served appellant personally with notice of a section 366.26 hearing. The notice of that hearing informed appellant of her right to be present at the hearing and have an attorney represent her.

According to a social worker's report, since the minor's birth, appellant had visited with her on two occasions. Another report noted the whereabouts of appellant were unknown. Thereafter, HSA mailed appellant notice of a

---

[1]The social worker's report prepared in connection with the dispositional hearing stated HSA provided appellant with notice of the hearing but also alleged appellant's whereabouts were unknown.

review hearing to be held concurrently with the section 366.26 hearing. That notice listed a Sacramento address for appellant.

Appellant did not appear at the section 366.26 hearing. The juvenile court found it likely the minor would be adopted and terminated appellant's parental rights. Listing a new Stockton address, appellant filed a timely notice of appeal from the order terminating her parental rights.

## DISCUSSION

 Appellant contends her statutory and constitutional due process rights were violated by the failure of the juvenile court to appoint counsel for her at any point during the dependency proceedings. Relying on section 317, subdivision (b), appellant argues if counsel had appeared on her behalf, counsel could have brought various matters relating to relative placement, reunification services, and visitation to the attention of the court. Appellant also claims failure to appoint counsel "stripped most of the due process safeguards from the process."

Section 317 provides in part as follows: "(a) When it appears to the court that a parent or guardian of the minor desires counsel but is presently financially unable to afford and cannot for that reason employ counsel, the court may appoint counsel as provided in this section. [¶] (b) When it appears to the court that a parent or guardian of the minor is presently financially unable to afford and cannot for that reason employ counsel, and the minor has been placed in out-of-home care, or the petitioning agency is recommending that the minor be placed in out-of-home care, the court shall appoint counsel, unless the court finds that the parent or guardian has made a knowing and intelligent waiver of counsel as provided in this section. [¶] . . . (d) The counsel appointed by the court shall represent the parent, guardian, or minor at the detention hearing and at all subsequent proceedings before the juvenile court. Counsel shall continue to represent the parent or minor unless relieved by the court upon the substitution of other counsel or for cause. The representation shall include representing the parent or the minor in termination proceedings and in those proceedings relating to the institution or setting aside of a legal guardianship."

Several statutory provisions provide for the appointment of counsel for indigent parents at dependency proceedings if they want such representation. For example, in connection with filing a petition pursuant to section 300, the juvenile court clerk is required to schedule a detention hearing on the petition and provide notice of the hearing to parents. (§§ 315, 334, 335.)

That notice must contain, among other things, a statement that if the parent cannot afford counsel but "desires" representation the parent is required to promptly notify the court clerk. (§ 336, subd. (e).) At the jurisdictional hearing, the court shall appoint counsel for an indigent parent if he or she "desires" such representation. (§ 353.) At the section 366.26 hearing, if the parent "appears without counsel and is unable to afford counsel, the court shall appoint counsel . . . ." (§ 366.26, subd. (f)(2).)

▮ In construing a statute, we first examine the words of the provision itself. If the words are clear, we should not add to or alter them. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) "Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

▮ In her opening brief, appellant relies only on subdivision (b) of section 317. She omits any mention of subdivision (a). In her reply brief, appellant argues the two subdivisions apply to different circumstances, and that subdivision (b) governs this case. According to appellant, where, as here, the child of an indigent parent has been removed from parental custody, the juvenile court must appoint counsel, regardless of whether the parent has indicated any desire for such representation.

We disagree with appellant's interpretation of the statute. It is apparent, from both the structure of and the terms employed in section 317, that subdivision (b) must be read together with subdivision (a) of that section. According to subdivision (a), the juvenile court may appoint counsel "as provided in this section" when it appears the indigent parent "desires" counsel. Construing the provisions of subdivisions (a) and (b) together, we think the plain meaning of those provisions require some manifestation by the indigent parent that he or she wants representation before the court is obliged to appoint counsel.

Our conclusion that section 317 requires the indigent parent to communicate in some fashion his or her desire for representation before the juvenile court is obligated to appoint counsel is buttressed by the statutory provisions discussed above in connection with the detention, jurisdictional, and section 366.26 hearings. We have not located, and the parties have not cited, any decision considering this issue. However, in its response to appellant's

argument, HSA relies primarily on *In re Angela R.* (1989) 212 Cal.App.3d 257 [260 Cal.Rptr. 612].

*In re Angela R., supra,* was a proceeding under former Civil Code section 232 to free a dependent minor from her parent's custody and control.[2] The mother of the minor argued the trial court's failure to appoint counsel for the mother violated former Civil Code section 237.5 and denied her due process. (212 Cal.App.3d at p. 274.) Affirming the judgment, the appellant court rejected each of those claims. (*Id.* at pp. 274-277.)

Former Civil Code section 237.5, subdivision (b), provided in part that if a parent "appears" without counsel and cannot afford counsel, the court shall appoint counsel. Noting the mother failed to appear at the hearing, she did not excuse her nonappearance, and she failed to seek appointment of counsel, the court found no statutory violation. (*In re Angela R., supra,* 212 Cal.App.3d at p. 276.) Rejecting her due process claim, the court concluded "[n]othing in this record warrants a conclusion due process requires more than was available to [the mother] under [former] Civil Code section 237.5." (*Id.* at pp. 276-277.) (See also *In re Jay R.* (1983) 150 Cal.App.3d 251, 260 [197 Cal.Rptr. 672] [". . . due process requires appointment of counsel for indigent noncustodial parents accused of neglect in stepparent adoption proceedings, if indigency is demonstrated and appointment of counsel is requested."].)

In this case, the record reflects HSA served appellant, or made efforts to locate her for service, in connection with each hearing held in this section 300 proceeding. Inexplicably, appellant never appeared at any of the hearings. Moreover, nowhere does the record disclose a request for or manifestation of any interest by appellant in the appointment of counsel for appellant.[3] (See *In re Raymond R.* (1994) 26 Cal.App.4th 436, 441 [31 Cal.Rptr.2d 551].) Where, as here, a parent in no manner indicates any desire for counsel, we hold the juvenile court is not obligated to appoint counsel. Therefore, we reject appellant's claim of statutory and constitutional due process violations of her right to counsel. (Cf. *In re Angela R., supra,* 212 Cal.App.3d at pp. 276-277.)

---

[2]Effective January 1, 1994, provisions of the Civil Code relating to freedom from custody and control of minors were reenacted in substantially the same form in the Family Code. (Fam. Code, § 7800 et seq.)

[3]Other than a document requesting appointment of counsel on appeal, the record contains little information about appellant's ability to afford counsel. In her opening brief, appellant suggests she was indigent. HSA has not raised the issue. We will assume her indigency.

## DISPOSITION

The order is affirmed.

Sims, J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 23, 1996.